ORLO ROGERS *vs.* WILLIAM K. GASTON.

April 25, 1890.

**Attorney and Client — Purchase by Attorney Sustained.**—Where an attorney-at-law was employed to foreclose a mortgage, and, upon examining the title, discovered that the mortgagor owned, and therefore mortgaged, only an undivided half interest in the mortgaged premises, and thereupon duly notified the agent of his client, through whom he was employed, of the state of the title, and, under his instructions, bid off the premises at one-half their supposed value, and, for two years after his relations as an attorney in the matter had been closed, the mortgagee had not purchased the outstanding interest, or proposed to do so, *held*, that it was not presumptive evidence of bad faith in the attorney, nor a breach of his privilege as such, that he then purchased the same for himself; and the court will not, after that length of time, solely on the ground of his former relations to the mortgagee, interpose to adjudge him a trustee of the land for the latter.

Plaintiff brought this action in the district court for Ramsey county, praying that a quitclaim deed of lot 5, of block 7, in Warren & Rice's addition to St. Paul, executed by Addison C. Miller and wife

to defendant under the circumstances stated in the opinion, be adjudged void as to plaintiff, and that plaintiff's title to the lot be quieted, etc.    The action was tried by *Kelly*, J., who ordered judgment for defendant, which was entered, and the plaintiff appealed.

*Merrill & Willett*, for appellant.

*Wm. K. Gaston*, respondent, *pro se.*

VANDERBURGH, J.    One Turrell had mortgaged to plaintiff's wife lot 5, in block 7, in Warren & Rice's addition to St. Paul, together with other property.    After her death, plaintiff was appointed her administrator; and defendant, who is an attorney-at-law, was employed by the agent of plaintiff to foreclose the mortgage.    Upon procuring an abstract of the title to the mortgaged premises, it was found that Turrell owned only an undivided half of the lot 5, above mentioned, when he executed the mortgage.    Whereupon, before the foreclosure, the defendant notified the agent of this fact; and, under his direction, it was bid in for half its value, and the mortgaged premises, taken together, were bid in for sufficient to satisfy the entire mortgage debt, pursuant to the instructions of the agent of plaintiff. The mortgage sale took place February 19, 1884.    It will be observed that the plaintiff had no legal or equitable claim or interest in the undivided half not owned by Turrell, so that no suit or other proceedings which the defendant, as his attorney, might undertake or advise, would avail to perfect the title thereto in the plaintiff, which could only be procured by purchase; and of this fact plaintiff's agent, with whom alone defendant communicated, was advised.    Upwards of two years after the foreclosure, and long after defendant's relations with plaintiff as his attorney had ceased, defendant purchased the outstanding title to the undivided half not covered by the plaintiff's mortgage, and claims to be owner thereof.

The plaintiff's contention is that the defendant's purchase of the lot for himself, without first ascertaining the wishes or intentions of the plaintiff in respect to it, was a breach. of his privilege, and that he should be declared to hold the same in trust.    But this, we think, cannot be sustained.    The defendant dealt altogether with the agent of plaintiff, whom he advised of the condition of the title to one-half of the lot, and who informed plaintiff thereof.    The agent had suffi-

cient information to enable him to advise the plaintiff intelligently in the premises, and there is no evidence of collusion between the agent and the defendant; so that, we think, after waiting a reasonable time, the defendant would be at liberty to purchase the property. It will be remembered that the title was not the subject of litigation, and that it was no part of defendant's duty as an attorney to procure the outstanding title, and the mortgage was fully satisfied by the sale of the rest of the mortgaged premises. But, since the information as to the title came out in the course of his professional employment, it was undoubtedly his duty to notify the plaintiff or his agent, and give him sufficient time and opportunity to protect his interest by purchasing the outstanding title, if he desired to do so. We cannot say that this was not done in this case, or that ample time and opportunity had not been given plaintiff to act in the premises. The courts, however, will scrutinize such transactions closely, and an attorney cannot well be too cautious and scrupulous in his conduct in making a purchase under such circumstances.

Judgment affirmed.