A. W. SELOVER, H. F. SCHULTZ AND G. H. SELOVER, CO-PARTNERS AS SELOVER, SCHULTZ & SELOVER v. CHARLES J. HEDWALL.[1]

June 24, 1921.

No. 22,175.

**Rulings of trial court not prejudicial — bill of particulars — account books.**

1. The court did not exceed its discretion in permitting plaintiffs to prove their claim for services, although they had been four days late in serving their bill of particulars, nor in refusing to permit defendant

[1]Reported in 184 N. W. 180.

to examine plaintiffs' accounts with other clients, and its failure to give such books to the jury was not prejudicial.

**Attorney and client — failure to give information to client.**

2. The facts alleged in defendant's second defense and counterclaim, to the effect that the directors of the investment company had authorized its attorneys to dismiss the action against him, if, by so doing, they could procure the dismissal of six actions brought by other parties in which the company was directly or indirectly a defendant, and that plaintiffs knew that such authority had been given but failed to inform defendant thereof, were not sufficient to constitute a defense or counterclaim and the court properly excluded the evidence offered thereunder.

Action in the district court for Hennepin county to recover $3,165.01 for professional services and disbursements. The case was tried before Jelley, J., and a jury which returned a verdict for. $2,665.01. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*A. Ueland,* for appellant.

*J. A. Mansfield,* for respondent.

TAYLOR, C.

Plaintiffs are attorneys at law. They brought this action to recover the reasonable value of professional services performed for defendant and their disbursements in his behalf, and recovered a verdict for the sum of $2,665.01. Defendant settled a bill of exceptions and made a motion for a new trial. This motion was denied and he appealed.

Defendant contends that the court erred: (1) In receiving any evidence of plaintiffs' claims for services, they having failed to serve a bill of particulars within the time prescribed by the court; (2) in ruling that defendant could examine only those portions of plaintiffs' account books read in evidence; (3) in not giving these account books to the jury to take to the jury room, and (4) in excluding the evidence offered in support of his second defense and couunterclaim.

1. Defendant served a demand for a bill of particulars. In response thereto plaintiffs furnished a statement, in which they set forth at considerable length the services which they had rendered in an action brought against defendant by the receiver of the Western Syndicate

Investment Company, and also the services which they had rendered at defendant's instance in preparing for an action to be brought in the United States District Court, attacking the validity of certain capital stock issued by the Surety Fund Life Company, an insurance company in which defendant was a stockholder. They also included in the statement an itemized bill of disbursements, amounting to the sum of $65.01, and concluded the statement by saying that they charged the sum of $3,500 as a reasonable fee for the services mentioned therein.

Defendant did not question the sufficiency of the statement in respect to disbursements, but demanded a further and more specific bill of particulars in respect to the services claimed to have been performed in matters other than the action brought by the receiver, and showing the amount claimed for services in that action and the amount claimed for services in each of such other matters. Plaintiffs made no response to this demand, and thereafter defendant procured an order from the court requiring them to serve, within five days, a more particular bill of particulars, showing the title of any action or proceeding, other than the action brought by the receiver, in which they claimed to have performed services, and the amount which they claimed for services in the action brought by the receiver and in each of such other actions or proceedings. Nine days thereafter plaintiffs served a further statement, giving the title of the other action in which they claimed to have performed services, and stating that the value of their services was the sum of $3,500 in the action brought by the receiver, and the sum of $500 in the other action. Defendant returned this statement, on the ground that it was not served within the time required by the order, and was not a copy of an account for services.

Nothing further was done until the action came on for trial, some eight months later, when defendant objected to any evidence of the account for services, on the ground that plaintiffs had failed to comply with the order requiring a more specific bill of particulars. This objection was overruled and the evidence admitted and defendant insists that the ruling was erroneous.

The action is not brought on an account, but to recover the reasonable value of services performed, and strictly speaking does not come within the provisions of section 7777, G. S. 1913. But, although the

services of an attorney are not expected to be itemized like an ordinary account, yet, if they extend over a considerable period of time, it is recognized that he should comply with a demand for a bill of particulars to the extent of advising the defendant of the character of the services, of the matters in which they were rendered and of the amount claimed therefor to enable the defendant to prepare his defense. Davis v. Johnson, 96 Minn. 130, 104 N. W. 766. The statements furnished by plaintiffs complied with these requirements. More than eight months elapsed after the service of the second statement before the action was brought to trial, and the slight delay in furnishing it was without prejudice to defendant. Under the circumstances the court would hardly have been justified in debarring plaintiffs from presenting their evidence, and the ruling was clearly within its discretion.

2, 3. Plaintiffs' accounts were kept in a loose leaf book. Defendant's name was written at the top of one of these leaves. On this leaf he was credited with one payment of $300 and another of $100 and was charged with disbursements aggregating $13.89. None of these items were disputed and no other had been entered in the account. No entry had been made of the largest disbursement—an item of $50 paid to another attorney for expenses—which seems to be undisputed, and no entry had been made of plaintiffs' charge for services. Later plaintiffs opened another similar book and carried forward the totals from this leaf to a similar leaf in the second book. Some error was made in carrying forward these totals, but that seems to be of no importance. A month or more after plaintiffs brought this suit, alleging the value of their services at the sum of $3,500, they entered a charge for that amount in the second book. Plaintiffs did not attempt to prove their claim by their books, but produced them in response to a demand made by defendant. The plaintiff, who testified concerning the books, stated that the leaves read in evidence were the only ones containing anything relating to defendant, and objected to defendant's request to be permitted to examine the accounts with other clients, and on the assurance of plaintiffs' counsel that the other parts of the books contained nothing relating to defendant, which fact does not appear to have been disputed, the court ruled that defendant must confine his examination to

149 M.—20.

the portions of the book in evidence. We fail to see wherein defendant was prejudiced by this ruling or by the failure of the court to send the books to the jury room.

4. In his second defense, defendant set forth in substance that the receiver of the Western Syndicate Investment Company was appointed for the purpose only of prosecuting and defending actions for that company; that plaintiffs were defendant's attorneys in an action brought against him by the receiver; that they were also attorneys for one Dunn in an action prosecuted against Dunn by the receiver; that they were also attorneys for the several plaintiffs in six different actions in which the investment company was either a party defendant or interested on the side of the defendants; that, while all these actions were pending, the board of directors of the investment company, with the consent of the receiver, adopted a motion authorizing the attorneys of the company to stipulate to dismiss the action against defendant and to abandon further proceedings in the action against Dunn, if the plaintiffs in the six actions in which the company was either a defendant or interested on the side of the defendants, in consideration thereof, would stipulate to dismiss such actions; that plaintiffs were informed of the adoption of this motion soon after it was adopted, but failed to inform defendant thereof; that he did not learn of the adoption of such motion until after the action against him had been tried and had resulted in a large verdict against him; that, by reason of plaintiffs' failure to inform him thereof, he had been deprived of an opportunity to procure a dismissal of the action against him on the merits without expense, and that he was compelled to pay the sum of $15,000 to compromise and settle the verdict rendered against him.

It is the undoubted duty of an attorney to communicate to his client whatever information he obtains that may affect the interests of his client in respect to the matters entrusted to him. Rogers v. Gaston, 43 Minn. 189, 45 N. W. 427; Baker v. Humphrey, 101 U. S. 494, 15 L. ed. 1065; 2 R. C. L. 963. And an attorney who is guilty of actual fraud or bad faith in the conduct of his client's business is not entitled to compensation for his services. Davis v. Swedish Am. Nat. Bank, 78 Minn. 408, 80 N. W. 953, 81 N. W. 210, 79 Am. St. 400.

Conceding that the plaintiffs ought to have communicated to de-

fendant the information which they had. obtained, the answer contains nothing from which we can infer that they were guilty of either fraud or bad faith toward him, or that he sustained any loss by reason of their failure to communicate such information. It is not alleged or claimed that any proposition for a settlement was ever made to them or that they ever had an opportunity to effect a settlement.

It nowhere appears that the plaintiffs, or any of them, in the six actions in which the investment company was either directly or indirectly a defendant, were in any way interested or concerned in the outcome of the suit of the receiver against defendant, or would ever have consented to a dismissal of their own actions or to the making of the stipulation which the investment company authorized its attorneys to make. It does not even appear that the attorneys of the investment company would ever have entered into such a stipulation. Defendant predicates his claim on the fact that plaintiffs had knowledge of the authority given to its attorneys by the investment company and did not communicate that knowledge to him. The facts alleged, if proven, were not sufficient to debar plaintiffs from recovering for their services, or to form the basis of a cause of action against them, and the court correctly excluded the evidence proffered under the second defense.

Order affirmed.

HOLT, J. (dissenting).

I dissent:

In my opinion the evidence offered and excluded, even though insufficient to constitute a counterclaim, should have been received as bearing on the value of the services rendered. What plaintiffs did or omitted to do was material upon that issue.