## ELIZABETH F. FABER v. ABELIUS ENKEMA.[1]

May 29, 1930.

No. 28,012.

*Grimes & Toensing,* for appellant.
*L. W. Crawhall,* for respondent.

DIBELL, J.

Action to recover attorney's fees retained by the defendant, the plaintiff's attorney, from money collected by him for her. The defendant demurred to the complaint, the demurrer was sustained, and the plaintiff appeals.

■ An attorney at law who is unfaithful to his client and guilty of fraud in the trust relation existing between them forfeits his right to compensation. Davis v. Swedish-Am. Nat. Bank, 78 Minn. 408, 80 N. W. 953, 81 N. W. 210, 79 A. S. R. 400; Blackey v. Alexander, 156 Minn. 478, 195 N. W. 455; In re Disbarment of Buck, 171 Minn. 352, 214 N. W. 662; 1 Dunnell, Minn. Dig. (2 ed.) § 700;

[1]Reported in 231 N. W. 410.

6 C. J. 722, § 290. In some of the cases it is said that the services of such an attorney cannot be of value. The principle is a general one applicable to other trust relations. Venie v. Harriet State Bank, 146 Minn. 142, 178 N. W. 170; De La Motte v. N. W. Clearance Co. 126 Minn. 197, 148 N. W. 47, L. R. A. 1918E, 830; Church v. Odell, 100 Minn. 98, 110 N. W. 346. It is applied with peculiar strictness to the necessarily confidential relationship of attorney and client.

■ The facts to which it is sought to apply the principle stated and to justify a recovery by the plaintiff of fees earned and retained by the plaintiff may be recounted briefly.

On February 2, 1929, the plaintiff was the owner of 44 shares of the preferred stock of the Twin Cities Securities Company of the par value of $4,400 and was entitled to semi-annual dividends at the rate of seven per cent during her ownership. There was a receivership and litigation. Some litigation found its way to this court. Schmid v. Ballard, 175 Minn. 138, 220 N. W. 423; Meacham v. Ballard & Co. 180 Minn. 30, 230 N. W. 113. Other lawyers were associated with the defendant. There was impounded more than $500,000 by the receiver. The outcome was successful. There was enough to pay the plaintiff and others in full. The defendant agreed to collect for the plaintiff upon a contingent fee basis of 25 per cent. He had other clients in a like situation to that of the plaintiff. It is alleged that he collected upwards of $80,000. Plaintiff's portion was $5,632. The defendant's contingent fee was $1,408. He asserted a claim for an additional seven per cent, or $394.24. It was groundless. Upon receiving payment from the receivership he sent to the plaintiff in Illinois, or rather to a bank for her, a certified check of George S. Grimes for $4,224. This was the amount of $5,632 received for her less his fee of $1,408. The bank in Illinois was instructed not to deliver the certified check except upon the payment of a draft for $394.24 which accompanied it and represented the additional fee which the defendant was exacting. The plaintiff refused to pay the draft and brought replevin and secured possession of the certified check for $4,224. The complaint does not tell us what followed.

The special vice is the withholding of the whole of the $4,224, due after the deduction of the defendant's agreed compensation of one-fourth. Counsel for the defendant was commendably frank with the court throughout the argument. It is not denied by him that on the face of the complaint the defendant attempted a grievous species of coercion by withholding $4,224 from his client to coerce his disputed extra compensation of $394.24. If the naked ugliness of what the complaint alleges is true this was a bad thing for a lawyer to do. Pleadings do not always give the real atmosphere.

Counsel for the defendant insists that at the most there was a dispute between the plaintiff and the defendant over attorney's fees and that there is not involved disloyalty and a lack of good faith which should result in a loss of compensation within the principle stated in paragraph one and the authorities supporting it. We will not enter upon a close consideration of the question. It is clear that the merits of the case should not be determined upon demurrer. It cannot be said that under the pleadings evidence may not be received making applicable the principle which the plaintiff urges. And we do not say that the withholding of the moneys under the circumstances alleged is not in itself sufficient to deprive the defendant of fees. The parties should frame their issues and go to trial.

Order reversed.