HENRY ADSIT BULL, Appellant, Respondent, *v.* THE PENDOCK COMPANY and Another, Defendants, Impleaded with ELMER E. HARRIS & COMPANY and Others, Respondents, Appellants.

Fourth Department, November 15, 1933.

*Henry Adsit Bull,* plaintiff in person.

*Frank G. Raichle* and *J. C. Randal,* for the defendants Elmer E. Harris & Company and others.

PER CURIAM. It appears beyond question from the findings of the learned trial court and from plaintiff's own testimony that prior to June 4, 1929, plaintiff had in his possession $20,411.54 belonging to defendants and that instead of keeping the fund intact to await a determination as to any amount due plaintiff for attorney's fees, plaintiff, prior to the commencement of this action, before rendering a bill for his alleged legal services or fixing any sum as their value and without the knowledge or consent of defendants, appropriated the whole fund mentioned to his own use.

Furthermore, the record shows that when plaintiff advised defendants on June 4, 1929, that he then had $22,992.65 in his possession for which he was accountable "subject to my charge for services" he had already appropriated $9,000 of the fund to his own use. Plaintiff has estopped himself by the conduct specified from retaining or from successfully claiming in this equitable action any part of this money for services rendered as an attorney. He cannot thus himself determine the value of his services and pay himself the whole fund in his keeping, leaving defendants to collect from him in court proceedings any amount which might later be found to be due and payable by him to defendants. (*Pallace* v. *Niagara, Lockport & Ontario Power Co.*, 131 App. Div. 453; *Martin's Petition*, 237 Penn. St. 159; *Hoboken Trust Co.* v. *Norton*, 90 N. J. Eq. 314; *Faber* v. *Enkema*, 180 Minn. 493.) In the circumstances whatever plaintiff may have received or earned as attorney for any of the parties is of no materiality in this action. On this record no fees can be allowed. Construing the pleadings broadly and considering the character of the action and the course of the trial this fund appropriated should all be transferred from the possession of the plaintiff into the custody of the court.

The judgment should be modified by directing plaintiff within thirty days after notice of entry of the judgment of this court to pay into court to the credit of this action the sum of $20,411.54, with interest upon the various items from the date of their appropriation. Finding of fact No. 69 modified, plaintiff's proposed findings No. 64 and No. 65 disapproved and reversed, all conclusions of law disapproved and reversed and a new conclusion made.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON and CROSBY, JJ.

Judgment modified in accordance with the memorandum and as so modified affirmed, with costs to Elmer E. Harris & Co. against plaintiff.*

* On January 17, 1934, the following order was made:

It is hereby Ordered, That the said order of this Court, entered herein on November 15, 1933, be, and the same hereby is, amended by inserting therein, immediately following the words directing a modification of the judgment appealed from "so that the ordering portions shall read as follows:" the following:

"It is Ordered, Adjudged and Decreed, That the plaintiff's complaint herein be, and the same hereby is, dismissed, such dismissal as to the defendant Elmer E. Harris & Co., being for lack of equity, no adjudication being made hereby as to the value, if any, or lack of value of plaintiff's services rendered to said defendant Elmer E. Harris & Co., or as to the right of plaintiff, if any exists, to recover the value of any such services from Elmer E. Harris & Co. in an action or proceeding at law, and"