Susan **GILCHRIST**, Petitioner,

v.

Norman **PERL**, individually, and De-Parcq, Anderson, Perl, Hunegs & Rudquist, P.A., Respondents.

No. C8–84–2152.

Court of Appeals of Minnesota.

March 12, 1985.

Robert Judd, Minneapolis, for petitioner.

William Flaskamp, Minneapolis, for respondents.

Heard, considered and decided by POPO-VICH, C.J., and WOZNIAK and RANDALL, JJ.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

### NATURE OF THE ACTION

Petitioner seeks discretionary review of a November 15, 1984 order which denied her motion for partial summary judgment. Respondents join in the petition. Believing the trial court should have ordered partial summary judgment in favor of petitioner, we extend discretionary review and certify the matter to the Minnesota Supreme Court.

### STATEMENT OF THE FACTS

Petitioner retained respondents to prosecute her "Dalkon Shield" claim. Respondents obtained a settlement of $85,000, $28,333.33 of which was paid to respondents as attorney fees. Petitioner was unaware that the claims adjuster for the insurer of the manufacturer of the Dalkon Shield was simultaneously employed by respondents.

Petitioner sought a refund of all attorney fees paid plus interest and compensatory damages. Petitioner's motion for partial summary judgment was denied. In its unincorporated memorandum, the trial court noted the Minnesota Supreme Court had approved the total forfeiture of attorney fees in an analogous case but later "raised the possibility" that something less than total forfeiture may be appropriate. We address petitioner's claims for purposes of certifying this matter to the supreme court.

### ISSUE

Did the trial court err in denying petitioner's motion for partial summary judgment where the measure of damages for this attorney's breach of the fiduciary duty owed his clients is, as a matter of law, full forfeiture of attorney fees?

### ANALYSIS

As the trial court noted, summary judgment is proper where there are no disputed genuine issues of material fact and where only the applicable law remains in controversy. *See Gaspord v. Washington County Planning Commission,* 312 Minn. 591, 591, 252 N.W.2d 590, 590 (1977); Minn.R.Civ.P. 56.03. Here, the material facts are essentially undisputed and are substantially similar to those set out by the supreme court in *Rice v. Perl,* 320 N.W.2d 407 (Minn.1982). There, the court affirmed the entry of summary judgment for a complete forfeiture of attorney fees despite the client's inability to show actual damage caused by her counsel's failure to disclose the relationship with the claims adjuster. *Id.* at 411.

Two years later, respondents' insurer appealed a determination that the forfeited fees were an award of money damages covered by a malpractice policy. The supreme court held the damages were covered by the policy, but refused to enforce provisions which would allow the individual attorney who breached his fiduciary obligation to recover because those provisions were contrary to public policy. *Perl v. St. Paul Fire and Marine Insurance Company,* 345 N.W.2d 209, 215–16 (Minn.1984).

The court also observed that, while it had previously affirmed total forfeiture of fees "even in the absence of any showing that the attorney's breach was in bad faith or affected the services rendered the client," there may be circumstances in which complete forfeiture is inapplicable and the degree of "forfeiture may be scaled to the degree of misconduct." *Id.* at 214 n. 5.

■ The facts in this case are not significantly disputed and it remained for the trial court to determine, as a legal issue, the proper measure of damages. Instead, the trial court denied the motion for summary judgment without explanation in the order. The unincorporated memorandum may be consulted for explanation, although it is not afforded the same weight as the order. *Merriman v. Sandeen,* 267 N.W.2d 714, 716 n. 5 (Minn.1978). From the memorandum it appears the trial court relied upon *Perl v. St. Paul Fire and Marine Insurance Company* in denying summary judgment. *Rice v. Perl,* however, has not been reversed or modified. The remedy for respondents' admitted non-disclosure of a relationship with the manufacturer's insurer is complete forfeiture, and the trial court was constrained to so hold as a matter of law.

### DECISION

The trial court improperly denied petitioner's motion for summary judgment because the supreme court has prescribed full forfeiture of attorney fees as the remedy for respondents' conduct. Accordingly, we grant the petition for discretionary review and certify this appeal to the Minnesota Supreme Court under the authority of Minn.Stat. § 480A.10 (1984) and Minn.R. Civ.App.P. 118. We take this position for decisional purposes here, but believe only the supreme court can reconcile and clarify its intentions in *Rice* and *St. Paul Fire and Marine.* All proceedings in the court of appeals regarding this matter are stayed until further order.

Discretionary review granted and question certified.