PADCO, INC., Appellant,

v.

KINNEY & LANGE, et al.,
Respondents.

No. C6–89–192.

Court of Appeals of Minnesota.

Sept. 5, 1989.

Review Denied Nov. 15, 1989.

Jeffrey W. Cook, Timothy R. Duncan, Daniel P. Ofstedal, Winthrop & Weinstine, St. Paul, for appellant.

John M. Degnan, Mark P. Hodkinson, Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for respondents.

Heard, considered and decided by HUSPENI, P.J., NORTON and LOMMEN,* JJ.

## OPINION

A. PAUL LOMMEN, Judge.

Padco, Inc. appeals from a grant of summary judgment to Kinney and Lange and David Fairbairn. We affirm.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## FACTS

In February 1981 EZ Paintr Corporation (EZ Paintr) initiated an action in federal court against Padco, Inc. (Padco) for patent infringement. Kinney and Lange law firm represented Padco in the action, with David Fairbairn as the lead attorney. During the next two years Kinney and Lange rendered over 900 hours of legal services to Padco on the case.

In April 1983 two attorneys who worked for the firm of Schroeder and Siegfried, Charles Steffey and Wayne Sivertson, joined Kinney and Lange. The Schroeder firm was EZ Paintr's local counsel in the Padco action. Based upon a belief that the Schroeder firm and the two attorneys had no substantive role in the Padco action, Kinney and Lange concluded there was no conflict of interest in hiring Steffey and Sivertson.

After the attorneys joined Kinney and Lange, EZ Paintr moved to disqualify Kinney and Lange from representing Padco. Padco decided to challenge the disqualification motion at Kinney and Lange's expense. At the disqualification hearing, Everett Schroeder of the Schroeder firm testified to having confidential information about the case which he shared with Sivertson. Sivertson had appeared in court, but only to move for the admission of EZ Paintr's primary counsel. Sivertson testified that prior to his departure, he and other members of the Schroeder firm did not delineate the Padco action as having a potential conflict nor did he spend any billable time on the case. Steffey had no involvement in the case.

In an order appealed to and affirmed by the Eighth Circuit Court of Appeals, Kinney and Lange was disqualified from handling the Padco action because shared confidences were presumed to have occurred due to the hiring of the two attorneys. Kinney and Lange was ordered not to turn over to successor counsel work product prepared after the attorneys were hired. The federal district court and the circuit court of appeals each noted that Kinney and Lange had prepared the bulk of the work prior to the attorneys being hired.

With Padco represented by successor counsel, the underlying patent infringement case settled in September 1985. The agreement encompassed a permanent injunction against EZ Paintr and payment of $105,000 from EZ Paintr to Padco. This was the best offer EZ Paintr had ever made to Padco.

In June 1986 Padco initiated a legal malpractice action against Kinney and Lange and David Fairbairn.

## ISSUES

1. Did the trial court properly grant summary judgment on Padco's legal malpractice claims of negligence and breach of contract?

2. Did the trial court properly grant summary judgment on Padco's breach of fiduciary duty claim?

## ANALYSIS

### I.

On appeal from summary judgment, the appellate court must determine:

"(1) whether there are any genuine issues of material fact * * *, and (2) whether the trial court erred in its application of the law."

*Offerdahl v. University of Minnesota Hospitals and Clinics*, 426 N.W.2d 425, 427 (Minn.1988) (citation omitted); *see* Minn.R. Civ.P. 56.03. The appellate court must view the evidence most favorable to the party against whom summary judgment was granted. *Offerdahl*, 426 N.W.2d at 427.

Four elements comprise a legal malpractice action in Minnesota:

(1) the existence of an attorney-client relationship;

(2) acts constituting negligence or breach of contract;

(3) that such acts were the proximate cause of the plaintiff's damages; and

(4) that but for defendant's conduct the plaintiff would have been successful in the prosecution or defense of the action.

*Blue Water Corp., Inc. v. O'Toole*, 336 N.W.2d 279, 281 (Minn.1983) (citations omitted). Failure to prove any of these elements precludes recovery. *Godbout v. Norton*, 262 N.W.2d 374, 376 (Minn.1977), *cert. denied*, 437 U.S. 901, 98 S.Ct. 3086, 57 L.Ed.2d 1131 (1978).

■ The trial court determined that Padco alleged no facts to prove that Kinney and Lange's actions were the proximate cause of its damages or that "it suffered any damages whatsoever." We agree. Padco cannot show a causal link between Kinney and Lange's hiring the attorneys and the alleged inadequate settlement. Further, there is no basis for Padco's claim that it suffered damages because successor counsel could not master the "intangibles" of the case. After Kinney and Lange's disqualification, Padco successfully settled the case for a greater amount than had ever before been offered. As Padco conceded at the summary judgment motion hearing, any claimed damages resulting from successor counsel being unable to handle the case are speculative. Because Padco cannot meet at least two of the elements required to prove legal malpractice, summary judgment is appropriate on this issue.

## II.

■ The parties disagree on whether the complaint includes a claim for breach of fiduciary duty. The complaint contains three counts, separately labeled as "Professional Negligence," "Breach of Contract," and "Punitive Damages." The negligence count alleges the same elements which would be required for a claim of breach of fiduciary duty. A specific legal theory does not need to be stated if the pleadings contain factual notice of the claim and a request for relief. *See Wilson v. Ramacher*, 352 N.W.2d 389, 394–95 (Minn.1984); *see also Hutton v. Bosiger*, 366 N.W.2d 358, 360 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 27, 1985) (pleadings are to be liberally construed, even when plaintiff misconceives the nature of the claim). Under these circumstances, the complaint sufficiently alleges a claim for breach of fiduciary duty.

Minnesota has adopted the dominant attorney fiduciary duty rule of the United States:

> The attorney is under a duty to represent the client with undivided loyalty, to preserve the client's confidences, and to disclose any material matters bearing upon the representation of these obligations.

*Rice v. Perl*, 320 N.W.2d 407, 411 (Minn. 1982) (citing R. Mallen and V. Levit, *Legal Malpractice*, § 121 at 208 (2d ed. 1981) and *Baker v. Humphrey*, 101 U.S. 494, 501, 25 L.Ed. 1065 (1879)). An attorney must impart to the client information which affects the client's interests. *Selover v. Hedwall*, 149 Minn. 302, 306, 184 N.W. 180, 181 (1921).

■ Once an attorney's breach of fiduciary duty is established, the attorney clearly forfeits his right to compensation for his services if the case involves actual fraud or bad faith. *Gilchrist v. Perl*, 387 N.W.2d 412, 417 (Minn.1986). In cases where there is no actual fraud or bad faith, where there is no actual harm to the client, and where the breach involves "multiple potential plaintiffs," the fee forfeiture may be scaled to the degree of misconduct by consideration of the factors enumerated in the punitive damages statute, Minn.Stat. § 549.20, subd. 3 (1988). *Gilchrist*, 387 N.W.2d at 417. No court has determined whether the scaled forfeiture rule applies in cases where there are not multiple plaintiffs. The only case decided after *Gilchrist* is *Trenti, Saxhaug, Berger, Roche, Stephenson, Richards & Aluni, Ltd. v. Nartnik*, 439 N.W.2d 418 (Minn.Ct.App.1989), *pet. for rev. denied* (Minn. July 12, 1989), in which this court held that it was not a breach of fiduciary duty for an attorney who represented a client in a pending civil action to withdraw from representing that client in a criminal action when a potential conflict arose. *Trenti*, 439 N.W.2d at 422.

Padco alleges no facts comprising any fraud, broken confidences, or nondisclosure of material matters by Kinney and Lange. Kinney and Lange's decision to hire two attorneys from the Schroeder firm does not amount to a breach of fiduciary duty in

their relationship with Padco. Further, Kinney and Lange informed Padco soon after it learned of the disqualification motion. At that point, Kinney and Lange discussed ramifications of the hirings with Padco and financed Padco's choice of challenging the motion and appealing the disqualification order. The trial court properly granted summary judgment on this issue. *See American Farmers Mutual Automobile Ins. Co. v. Riise*, 214 Minn. 6, 8, 8 N.W.2d 18, 19 (1942) (plaintiff must allege every fact which must be proved in order to prevail).

## DECISION

The trial court's grant of summary judgment to Kinney and Lange and David Fairbairn is affirmed.

Affirmed.