**In re SEALED CASE.**

No. 86–5246.

United States Court of Appeals,
District of Columbia Circuit.

Argued June 12, 1986.

Decided Sept. 12, 1986.

Charles R. Mills, with whom Mahlon M. Frankhauser, New York City, was on the brief, for appellant.

R. Craig Lawrence, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth and Charles F. Flynn, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MIKVA, BORK and SCALIA, Circuit Judges.

Opinion for the Court filed by Circuit Judge SCALIA.

SCALIA, Circuit Judge:

This is an appeal from an order of the United States District Court for the District of Columbia authorizing disclosure of certain grand jury materials to the Securities and Exchange Commission ("SEC") under FED.R.CRIM.P. 6(e)(3)(C)(i) for use in a civil enforcement action. On May 23, 1986, this court granted appellant's motion for stay of the District Court's order. We now consider the merits of the appeal.

I

In October 1982, the SEC began an investigation into possible insider trading which ultimately led, in 1984, to the filing of a civil enforcement action against appellant and others in the United States District Court for the Southern District of New York and subsequently transferred to the United States District Court for the Northern District of Texas. The SEC also referred the information obtained in its civil

investigation to the Office of the United States Attorney for the District of Columbia, which subsequently convened a federal grand jury to investigate possible criminal violations of the securities laws. Appellant was one of the targets of that investigation. After commencement of the grand jury proceedings, and pending their completion, the government moved for and obtained a stay of discovery in the SEC's civil action. As a result, the SEC ceased its discovery efforts as well as other proceedings in the civil case.

The grand jury proceedings have been concluded, resulting in guilty pleas by some individuals to criminal charges, but in no charges against appellant. Following the criminal convictions, several defendants in the SEC's civil action consented to entry of injunctions without admitting or denying the allegations. Only the appellant and one other defendant refused to settle.

On October 8, 1985, the SEC obtained an order lifting the stay of discovery in its civil action. On February 12, 1986, the District Court entered a scheduling order setting motions and discovery cut-off dates of June 1 and August 1, 1986 respectively. On March 12, 1986, the government filed a petition in the United States District Court for the District of Columbia pursuant to FED.R.CRIM.P. 6(e)(3)(C)(i), seeking authority to disclose grand jury transcripts and documents to the SEC for use in its civil enforcement action.* In support of its petition, the government filed the affidavit of Linda Bridgman, an SEC trial attorney, which describes generalized difficulties encountered by the SEC in obtaining evidence through ordinary discovery processes, only in a few instances referring to particular documents or classes of documents that were unobtainable for a particular reason or were illegible. At the time the government's petition was filed, the SEC had not taken a single deposition, nor had it sub-

poenaed records from third parties with the exception of eight companies. Exhibit 3 to the government's petition was a list of numerous documents in the grand jury file, with arrows in the margin indicating those as to which disclosure was sought. Appellant has never been served with a copy of Exhibit 3 and therefore does not know the identity of the grand jury materials at issue.

By order and memorandum issued April 24, 1986, the District Court granted the government's petition in part and denied it in part. With respect to the request for disclosure of grand jury testimony, it concluded that the government had failed to present sufficient evidence to justify entry of "an Order allowing the disclosure of only those transcripts or parts of transcripts for which there is a particular need." Misc. No. 86–89, slip op. at 2. This aspect of the government's petition, the court found, was "clearly premature" in light of the SEC's failure to use such a "basic discovery technique" as depositions, and the Bridgman affidavit was deficient because it failed to "identif[y] the reasons the SEC needs certain transcripts." *Id.* This portion of the District Court's order is not at issue in this appeal.

On the other hand, the District Court granted that portion of the government's petition seeking disclosure of documents subpoenaed by the grand jury. The District Court concluded that the government had demonstrated that "*[a]t least some* of the material it seeks to disclose does not reveal what transpired before the grand jury*" (emphasis added). Without further explanation, the District Court ordered disclosure of "the material contained in Exhibit 3 ... (other than grand jury transcripts) which has inherent value outside of the grand jury proceedings and which does not reveal what occurred before the grand jury." *Id.* at 3.

---

* Although FED.R.CRIM.P. 6(e) permits the government to proceed *ex parte* in seeking a disclosure order, notification of the petition was made to appellant and to the other remaining defendants in the SEC's civil action. Only the appellant sought to intervene and to oppose the government's petition in the District Court. On March 24, 1986, the District Court ordered the government to serve appellant with redacted versions of the government's papers, excising those portions which identified grand jury materials.

On April 24, 1986, appellant filed a notice of appeal. Shortly thereafter, this court granted appellant's motion for a stay of the District Court's order pending expedited appeal.

## II

Rule 6(e)(2) of the Federal Rules of Criminal Procedure codifies the traditional practice of grand jury secrecy. It provides that disclosure of "matters occurring before the grand jury" is prohibited unless specifically permitted by one of the exceptions set forth in Rule 6(e)(3). Here, the government sought disclosure under the Rule 6(e)(3)(C)(i) exception, which states that a court may direct disclosure "preliminarily to or in connection with a judicial proceeding."

The Supreme Court has firmly established that a petitioner seeking Rule 6(e)(3)(C)(i) disclosure must make a "strong showing of particularized need for grand jury materials." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983); *see also Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979); *United States v. Procter & Gamble*, 356 U.S. 677, 682–83, 78 S.Ct. 983, 986–87, 2 L.Ed.2d 1077 (1958). This "particularized need" standard governs disclosure to governmental parties as well as private parties, though a district court may take into account "any relevant considerations, peculiar to Government movants, that weigh for or against disclosure in a given case." *Sells Engineering, Inc.*, 463 U.S. at 445, 103 S.Ct. at 3149. The showing required under the standard is that (1) " 'material [sought] is needed to avoid a possible injustice in another judicial proceeding' "; (2) " 'the need for disclosure is greater than the need for continued secrecy' "; and (3) the " 'request is structured to cover only material so needed.' " *Id.* at 443, 103 S.Ct. at 3148 (quoting *Douglas Oil Co.*, 441 U.S. at 222, 99 S.Ct. at 1674).

■ The determination to disclose grand jury materials under FED.R.CRIM.P. 6(e) is committed to the substantial discretion of the district court, and is subject to reversal only if that discretion has been abused. *Douglas Oil Co.*, 441 U.S. at 223, 99 S.Ct. at 1675. In the exercise of its discretion, however, a district court must " 'weigh carefully the competing interests in light of the relevant circumstances and standards.' " *See Sells Engineering, Inc.*, 463 U.S. at 443, 103 S.Ct. at 3148 (quoting *Douglas Oil Co.*, 441 U.S. at 223, 99 S.Ct. at 1675). In the present case, the order and memorandum opinion give us cause to doubt that that has occurred.

■ Some portions of the District Court's memorandum appear to rest on the proposition that disclosure of documents independently generated and merely subpoenaed by the grand jury do not reveal the proceedings of the grand jury and thus do not come within Rule 6(e)(2)'s prohibition against disclosure. To the extent the decision rests upon that ground, which is supported by decisions of the Seventh Circuit, *see, e.g., In re Special March 1981 Grand Jury*, 753 F.2d 575, 578 (7th Cir. 1985); *Lucas v. Turner*, 725 F.2d 1095, 1101–02 (7th Cir.1984), it is contrary to the law of this circuit. Disclosure of which documents the grand jury considered reveals, at the very least, the direction of the grand jury's investigation and the names of persons involved, and thus falls within Rule 6(e)(2). *See Fund for Constitutional Government v. National Archives and Records Service*, 656 F.2d 856, 869–70 (D.C.Cir.1981); *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1382–83 (D.C.Cir.1980) (en banc) (by implication); *Tigar & Buffone v. United States Department of Justice*, 590 F.Supp. 1012, 1016 (D.D.C.1984). *See also In re Grand Jury Disclosure*, 550 F.Supp. 1171, 1175–78 (E.D.Va.1982). Undoubtedly the degree of exposure of the grand jury process inherent in the revelation of subpoenaed documents is lesser than the degree of disclosure attributable to publication of witness transcripts. That is to be taken account of, however, in the balancing process that the "particularized need" standard envisions, rather than by a blanket rule that all subpoenaed doc-

uments, no matter how little needed, can be disclosed. *Cf. United States v. Baggot,* 463 U.S. 476, 480, 103 S.Ct. 3164, 3167, 77 L.Ed.2d 785 (1983) ("The particularized-need test is a criterion of *degree.*")

 Other portions of the District Court's memorandum appear to rest upon the ground that the government has made a showing of particularized need adequate to justify disclosure. To the extent the decision rests upon this ground, we find it not substantiated by the facts. Exhibit 3 lists in excess of 250 documentary subpoenas issued by the grand jury, the responses to at least half of which are marked for requested release on the sole basis of the Bridgman affidavit. With a few possible exceptions, however, that affidavit establishes only a generalized need for information in the SEC enforcement action, and not a particularized need in the relevant sense of an inability to obtain through ordinary processes, timely and diligently pursued, the particular documents, or the particular category of documents, requested from the grand jury. *See Sells Engineering, Inc.,* 463 U.S. at 431, 445, 103 S.Ct. at 3149.

For the reasons stated above, we reverse and remand the case to the District Court for a more specific finding as to those documents which the government has demonstrated a particularized need to obtain.

*So ordered.*