In re GRAND JURY PROCEEDINGS RELATIVE TO Norman PERL Occurring on or about 1980, (GJP–86–2)

Norman Perl, Richard Hunegs and the law firm of DeParq, Anderson, Perl, Hunegs and Rudquist, Appellants,

Aetna Casualty & Surety Company, Amicus Curiae.

In re: GRAND JURY PROCEEDINGS RELATIVE TO Robert APPERT and Gerald Pyle Occurring on or about 1980, (GJP–86–3)

Robert Appert and Gerald Pyle and the law firm of Appert & Pyle, Appellants,

Aetna Casualty & Surety Company, Amicus Curiae.

Nos. 86–5397, 86–5398.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 2, 1987.

Decided Feb. 3, 1988.

Gary Haugen, Minneapolis, Minn., and John R. Schulz, St. Paul, Minn., for appellants.

Martha Neese, Maplewood, Minn., for appellees.

Before BOWMAN, Circuit Judge, ROSS, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

ROSS, Senior Circuit Judge.

This appeal questions the propriety of the district court's [1] decision to disclose to civil litigants certain specified documents that had been subpoenaed by a federal grand jury in 1980. Pursuant to Federal Rules of Criminal Procedure 6(e)(3)(C)(i), the trial court found that appellees had established a particularized need for the requested documents and that the need for these documents in the interest of justice outweighed the grand jury's continued need for secrecy. The court then ordered the release of these documents. We affirm that decision.

## I.

In 1980, a federal grand jury was convened to investigate the possibility of criminal violations arising out of the relationship between Willard Browne, a former Aetna Casualty and Surety Company insurance adjuster, and two law firms which represented a number of women (appellees) asserting tort claims against A.H. Robins Company, the manufacturer of the Dalkon Shield intrauterine device. Many of these women were represented by appellants Robert Appert and Gerald Pyle of the law firm Appert & Pyle. Others were represented by appellant Norman Perl of the law firm Deparcq, Anderson, Perl, Hunegs & Rudquist (Perl law firm). During this representation, the appellant attorneys negotiated settlement agreements of the Dal-

kon Shield claims through A.H. Robins' liability carrier, Aetna Casualty, and its employee Willard Browne. At the time of the settlement negotiations, however, Willard Browne, who was supposed to be vigorously representing Aetna in the Dalkon Shield litigation, was alleged to be receiving monetary payments from his adversaries, appellant attorneys and their law firms.

Contemporaneous with the investigation by the federal government, A.H. Robins Co. brought a motion to disqualify the appellant attorneys from representation of the Dalkon Shield claimants. District Court Judge Donald Alsop presided over the investigation and hearings in connection with the disqualification motion. Prior to any ruling by Judge Alsop, however, appellants withdrew from representation of the Dalkon Shield claims.

Subsequently, many of the Dalkon Shield claimants initiated civil actions alleging claims of legal malpractice and breaches of fiduciary duties against the attorneys and their law firms and requested complete recovery of the attorneys' fees that had been paid.[2] The former clients also sought treble damages pursuant to Minn.Stat.Ann. §§ 481.07 and 481.071, predicated upon a theory of collusion and deceit, and punitive damages based upon their claim that the appellants had represented their IUD claims with an intentional and willful disregard of their legal rights.

Pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure [3], counsel for the women plaintiffs in the civil litigation against Appert, Pyle and Perl filed a motion requesting access to certain documents gathered in connection with the grand jury proceedings. The district court granted the motion finding that the need for disclosure of the documents was great-

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

2. Several of these claims have already been decided in state court decisions. *See Rice v. Perl,* 320 N.W.2d 407 (Minn.1982); *Perl v. St. Paul Fire and Marine Insurance Co.,* 345 N.W.2d 209 (Minn.1984); *Gilchrist v. Perl,* 387 N.W.2d 412 (Minn.1986).

3. Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—
    (i) when so directed by a court preliminarily to or in connection with a judicial proceeding. Fed.R.Crim.P. 6(e)(3)(C)(i).

er than the need for continued secrecy. Appert, Pyle and Perl now appeal this decision.

## II.

The United States Supreme Court has "consistently * * * recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979). Federal Rules of Criminal Procedure 6(e)(2) codifies the traditional presumption that grand jury proceedings may not be disclosed.[4] The policy of secrecy surrounding grand jury proceedings, however, is not absolute. It is designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process. *See United States v. Proctor & Gamble Co.,* 356 U.S. 677, 681–82, 78 S.Ct. 983, 985–86, 2 L.Ed.2d 1077 (1958). Congress, through its enactment of Federal Rules of Criminal Procedure 6(e)(3)(C)(i), has recognized that in some situations justice may demand that discrete portions of grand jury proceedings be made available for use in subsequent judicial proceedings. *Douglas Oil, supra,* 441 U.S. at 219–20, 99 S.Ct. at 1672–73.

It is now firmly established that a person seeking Rule 6(e)(3)(C)(i) disclosure carries the burden of making a "strong showing of particularized need for grand jury materials." *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 443, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983). *See also In re Matter of Disclosure of Testimony Before the Grand Jury,* 580 F.2d 281, 286 (8th Cir.1978). A party demonstrates particularized need where:

[1] the material they seek is needed to avoid a possible injustice in another judicial proceeding, * * * [2] the need for

disclosure is greater than the need for continued secrecy, and * * * [3] their request is structured to cover only material so needed.

*Douglas Oil, supra,* 441 U.S. at 222, 99 S.Ct. at 1674.

■ The determination of whether to disclose grand jury materials under Rule 6(e) is committed to the "substantial discretion" of the district court which must "weigh carefully the competing interests in light of the relevant circumstances and the standards." *Id.* at 223, 99 S.Ct. at 1675. *See also In re Matter of Disclosure of Testimony, supra,* 580 F.2d at 287. The district court's decision is subject to reversal only if that discretion has been abused.

The requisite showing of particularized need varies with the circumstances of each case. The Supreme Court noted, "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil, supra,* 441 U.S. at 223, 99 S.Ct. at 1675. Courts have consistently distinguished the request for documents generated independent of the grand jury investigation from the request for grand jury minutes or witness transcripts, reasoning that "the degree of exposure of the grand jury process inherent in the revelation of subpoenaed documents is lesser than the degree of disclosure attributable to publication of witness transcripts." *In re Sealed Case,* 801 F.2d 1379, 1381 (D.C.Cir.1986). Unless a document reveals something about the intricate workings of the grand jury itself, the documents are not intrinsically secret just because they were examined by a grand jury. *See United States v. Stanford,* 589 F.2d 285, 291 (7th Cir.), *cert. denied,* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1978). "Documents such as * * * business records * * * are created for purposes independent of grand jury

---

**4.** General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivison shall not disclose matters occurring be-

fore the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

Fed.R.Crim.P. 6(e)(2).

investigations, and such records have many legitimate uses unrelated to the substance of the grand jury proceedings." *In re Grand Jury Investigation,* 630 F.2d 996, 1000 (3d Cir.1980), *cert. denied,* 449 U.S. 1081, 101 S.Ct. 865, 66 L.Ed.2d 805 (1981). While the disclosure of documents created independently of the grand jury investigation is less likely to impinge upon the policy underlying grand jury secrecy, the disclosure of these documents reveals "at the very least, the direction of the grand jury's investigation and the names of persons involved, and thus falls within Rule 6(e)(2)." *In re Sealed Case, supra,* 801 F.2d at 1381. Therefore, while the disclosure of independently generated documents may require a particularized need showing, "the parties seeking disclosure should not be required to demonstrate a large compelling need." *In re Grand Jury Investigation, supra,* 630 F.2d at 1001 (quoting *U.S. Industries, Inc. v. United States District Court,* 345 F.2d 18 (9th Cir.), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965)).

In addition, the interests in grand jury secrecy are reduced, although not eliminated, when the grand jury has ended its investigation. "[A]fter the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 234, 60 S.Ct. 811, 849, 84 L.Ed. 1129 (1940). *See also, Douglas Oil, supra,* 441 U.S. at 222, 99 S.Ct. at 1674; *In re Matter of Disclosure of Testimony, supra,* 580 F.2d at 287.

■ With these factors in mind, we now apply the three-prong test for particularized need set forth in *Douglas Oil* to the case before us. The first of the three factors that we must examine is whether disclosure of the grand jury materials is necessary to avoid possible injustice in the civil lawsuits brought by the Dalkon Shield claimants against their former attorneys. The claimants have demonstrated that in order to succeed on these claims they must have access to certain documents in the possession of the grand jury, including Aetna Casualty files relating to former Appert, Pyle and Perl clients, payment by the appellant law firms to various travel agencies on behalf of Willard Browne, the general ledgers of the law firms and the firms' cancelled checks demonstrating payment to Willard Browne, and memoranda alleged to have been prepared by Browne on behalf of the two law firms.

The claimants argue that disclosure of these documents is necessary in order to establish their claims for total fee forfeiture and for treble damages based upon the theory of fraud and deceit. In a trilogy of cases addressing issues identical to those presented by appellees in their civil suit against the appellant attorneys, the Minnesota Supreme Court held that in awarding fee forfeiture damages, the trier of fact must consider the degree of the defendant's misconduct, thereby replacing the rule that a finding of a breach of fiduciary duty automatically resulted in complete fee forfeiture.

Specifically, in *Rice v. Perl,* 320 N.W.2d 407, 411 (Minn.1982), the first of the three cases, the Minnesota Supreme Court held that the failure to disclose the ongoing non-adversarial relationship between Willard Browne and Norman Perl and his law firm constituted a breach of fiduciary duty entitling the client to a complete forfeiture of attorney's fees.

In a subsequent decision, *Perl v. St. Paul Fire and Marine Insurance Co.,* 345 N.W.2d 209 (Minn.1984), the Minnesota Supreme Court held that a breach of an attorney's fiduciary obligation necessarily amounted to constructive fraud, but was not actual fraud by definition. *Id.* at 213. Furthermore, the court noted in dictum that:

> Ordinarily it would seem breach of the fiduciary duty results in complete forfeiture damages, but it is unclear if there may be exceptions in some situations where actual fraud is absent, where no actual damages are sustained, and where there are multiple client claims. If forfeiture of fees for breach of a fiduciary duty are damages, as we here hold, and if these damages have a punitive content, as we here declare, it is at least arguable that the trier of fact in awarding such damages might consider much the same

factors as the trier of fact considers in making a standard punitive damages award. *See,* Minn.Stat. § 549.20, subd. 3 (1983).

*Id.* at 214 n. 5. This language then became the impetus for the Minnesota Supreme Court's subsequent decision in *Gilchrist v. Perl,* 387 N.W.2d 412 (Minn.1986), where the court held:

> The parties all agree—and we reaffirm—that cases of actual fraud or bad faith result in total fee forfeiture. But when no actual fraud or bad faith is involved, when no actual harm to the client is sustained, and particularly when there are multiple potential plaintiffs, we think the better approach is to determine the amount of the fee forfeiture by consideration of the relevant factors set out in Minn.Stat. § 549.20, subd. 3 (1984).[5] We so hold.

*Id.* at 417 (footnote omitted).

Appellees argue that in order to meet this burden of proof, they must have access to the requested documents. They argue that such documents are unavailable through any other channel of discovery. We agree that appellees' case would be significantly hampered without such material.

Determining whether appellees have met the particularized need standard enunciated in *Douglas Oil* next requires us to balance the foregoing reasons which appellees assert compel disclosure against the need for continued secrecy in the grand jury proceedings. *Douglas Oil, supra,* 441 U.S. at 222, 99 S.Ct. at 1674.

As previously noted, the continued need for secrecy is reduced in this case where the grand jury has long since ceased its investigation and where the civil litigants seek disclosure of independently generated documents, as opposed to grand jury minutes or witness transcripts.

We conclude that the diminished threat to grand jury secrecy does not outweigh the particularized need demonstrated by appellees. The release of the requested documents will not compromise the secrecy of the grand jury proceedings to any appreciable extent.

Finally, we must consider "the extent to which the request was limited to that material directly pertinent to the need for disclosure." *Douglas Oil, supra,* 441 U.S. at 224, 99 S.Ct. at 1675. Judge Alsop's order is carefully tailored, allowing only for disclosure of documents which relate directly to the non-adversarial relationship between the appellant attorneys and former Aetna adjuster Willard Browne. We note as significant the detailed control of the release of the requested documents. *See In re Matter of Disclosure of Testimony, supra,* 580 F.2d at 287. The district court has ordered that opposing counsel review the requested documents jointly and if a dispute arises regarding the disclosure of a particular document, the district court will make an in camera determination of whether the individual document falls within the disclosure order. We conclude that the district court has "discretely and limitedly" authorized the disclosure of the documents. *See United States v. Procter & Gamble Co., supra,* 356 U.S. at 683, 78 S.Ct. at 986–87. (1958).[6]

---

**5.** Subd. 3. Any award of punitive damages shall be measured by those factors which justly bear upon the purpose of punitive damages, including the seriousness of hazard to the public arising from the defendant's misconduct, the profitability of the misconduct to the defendant, the duration of the misconduct and any concealment of it, the degree of the defendant's awareness of the hazard and of its excessiveness, the attitude and conduct of the defendant upon discovery of the misconduct, the number and level of employees involved in causing or concealing the misconduct, the financial condition of the defendant, and the total effect of other punishment likely to be imposed upon the defendant as a result of the misconduct, including compensatory and punitive damage awards to the plaintiff and other similarly situated persons, and the severity of any criminal penalty to which the defendant may be subject.
Minn.Stat.Ann. § 549.20 (West Supp.1988).

**6.** In its amicus curiae brief, Aetna Casualty and Surety Company argues that disclosure of certain documents within the disclosure order, specifically twenty Aetna claim files, will violate both the physician-patient and attorney-client privileges. The structuring of Judge Alsop's limited disclosure order, however, will guard against a threat to such privileges on a document-by-document basis.

In conclusion we note that the trial court is in the best position to evaluate the particularized facts and circumstances surrounding the need for disclosure. In this case Judge Alsop, who granted disclosure of the documents, also presided over the disqualification motions brought by A.H. Robins Company in order to disqualify the Appert and Pyle law firm from representing the Dalkon Shield claimants, due in part to the improper relationship between the law firm and Willard Browne. Under these circumstances, due deference should be given to Judge Alsop's ruling given his intimate knowledge of the factual background of this case. *See Douglas Oil, supra,* 441 U.S. at 225–27, 99 S.Ct. at 1676–77. We find that Judge Alsop's decision to allow disclosure of the grand jury documents was not a clear abuse of discretion.

### III.

◼ Finally, the appellees argue that the appeal of the district court's order to disclose the documents is frivolous and as such requires the imposition of sanctions against appellants under Rule 11 of the Federal Rules of Civil Procedure. Appellees' argument is misplaced, however, in that Rule 11 is not applicable to pleadings filed in this court. Rule 1 of the Federal Rules of Civil Procedure, in defining the scope of such rules, states, "[t]hese rules govern the procedure in the United States *district courts* in all suits of a civil nature." (Emphasis added). We also decline, however, to impose sanctions under Rule 38 of the Federal Rules of Appellate Procedure for the filing of a frivolous appeal. Appellants' arguments are not so wholly without merit as to justify damages under Rule 38.

### IV.

In conclusion, we find that the district court did not abuse its discretion in authorizing the limited disclosure of documents that had been subpoenaed by the grand jury.

The judgment of the district court is affirmed.