### In re GRAND JURY SUBPOENAS DUCES TECUM.

**Appeal of Duane Wendall LARSON and Pamela Ann Larson.**

No. 89–5205.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1989.

Decided June 8, 1990.

Francis L. Goodwin, Sioux City, Iowa, for appellant.

Richard Vosepka, Minneapolis, Minn., for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and WEBB,[*] District Judge.

WEBB, District Judge.

On February 1, 1989, the district court[1] denied appellants' motion to reconsider, vacate and withdraw its order made pursuant to Fed.R.Crim.P. 6(e)(3)(C)(i), which allowed the release of secret grand jury materials to the Commissioner of the Internal Revenue Service (IRS), his attorneys and agents, for use in the defense of a judicial proceeding in the United States Tax Court. The district court, in granting the government's (C)(i) order, also sealed the petition initiating it. Appellants, Duane and Pamela Larson, appeal the district court's denial. We affirm the district court's action.

BACKGROUND

In April 1985 Duane Larson was indicted by a grand jury for tax evasion for the years 1978 through 1980 and for two currency transaction violations. The violations were severed and a court trial on the currency charges was held first. In June 1985 Larson was found guilty of the two currency transaction violations. On August 15, 1985, the Civil Division of the IRS

---

* The HONORABLE RODNEY S. WEBB, United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

served a jeopardy assessment on appellants for taxes owed of $51,361.36 for 1978, $39,812.23 for 1979, and $120,430.52 for 1980. On August 19, 1985, Duane Larson pled guilty to tax evasion for 1979 with the agreement that he could present civil defenses in United States Tax Court for the years 1978–1980. The 1978 and 1980 criminal charges were dismissed. The Civil Division of the IRS presented a notice of deficiency which eventually reflected income for 1978–1980 in the amount of $827,643. Duane and Pamela Larson filed a petition for redetermination, in tax court.

The Civil Division requested a Rule 6(e)(3)(C)(i) order of the district court. On April 11, 1988, the district court granted the (C)(i) order and sealed it along with the government's petition. The Larsons moved the district court to reconsider, vacate and withdraw its (C)(i) order and further moved to be made privy to the same grand jury information as the Civil Division. The district court denied the Larsons' motion and this appeal followed.

The Larsons maintain that the district court first erred when it issued the (C)(i) order and then erred again in denying the motion to vacate.

DISCUSSION

The Supreme Court has determined that attorneys of the government's civil divisions may receive access to grand jury materials "only when the Government moves for court-ordered disclosure under Federal Rule of Criminal Procedure 6(e)(3)(C)(i) and makes the showing of particularized need required by that Rule." *United States v. Sells Engineering*, 463 U.S. 418, 420, 103 S.Ct. 3133, 3136, 77 L.Ed.2d 743 (1982). Rule 6(e)(3)(C)(i) requires that disclosure of grand jury information be "preliminary to or in connection with a judicial proceeding." The government's purpose in acquiring the grand jury materials relates directly to its defense of the pending tax court litigation. *See Patton v. C.I.R.*, 799 F.2d 166, 172 (5th Cir. 1986). Here, the tax court redetermination hearing satisfies the judicial proceeding requirement.

Before grand jury materials may be disclosed, a requesting party must also make "a strong showing of particularized need." *Sells*, 463 U.S. at 443, 103 S.Ct. at 3148. Parties seeking grand jury transcripts under Rule 6(e) must show that the material sought is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material so needed. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). Disclosure is appropriate only in cases where the need for it outweighs the public interest in secrecy and the burden of establishing this imbalance is on the party seeking disclosure. *Id.* at 223, 99 S.Ct. at 1675.

The district court, in its April 11, 1988 order concluded:

> ... upon due consideration of the facts and circumstances set forth in said petition, and for good cause shown, the Commissioner of Internal Revenue, has demonstrated a particularized need for the disclosure of certain matters occurring before the Grand Jury ...

Brief of Appellants Exhibit A3.

The district court's order allowed the Civil Division to inspect and obtain grand jury transcripts relating to Duane Larson's income tax liability and to utilize the knowledge and services of IRS personnel who had access to information about Larson's tax liability through the grand jury process.

Though the specifics of the particularized need showing are not known to this court, it is clear from the April 11, 1988 order that the district court applied the particularized need test and found the government's showing to be sufficient. The decision to disclose grand jury material is left to the sound discretion of the district court and will not be reversed in the absence of an abuse of discretion. *Douglas Oil Co.*, 441 U.S. at 228, 99 S.Ct. at 1677. The district court had the authority to issue the (C)(i) order. The district court considered the showing of particularized need presented by the government and conclud-

ed the tax liability information was pertinent to the pending tax court litigation. The district court, in addition, properly limited the exposure of the grand jury materials by sealing the government's petition and denying the Larsons access to the materials pursuant to Rule 6(e)(6).

■ The appellants have the burden of showing that the district court abused its discretion. *Douglas Oil Co.,* 441 U.S. at 223, 99 S.Ct. at 1675. The Larsons contend that the grand jury material released to the government through the April 11, 1988(C)(i) order had actually been in the government's possession for several years. Appellants maintain that this assertion is borne out by the notice of deficiency filed in 1985. The Larsons maintain the notice contained dollar figures gleaned through grand jury materials. Appellants also contend that the April 11, 1988(C)(i) order was in effect a *nunc pro tunc* order used to legitimize the Civil Division's earlier use of the grand jury information.

The government asserts that no grand jury violations occurred. At oral argument, appellant's attorney specifically challenged the government to respond to the question of whether it had the requested information prior to the (C)(i) order. The government attorney accepted the challenge and answered directly that no grand jury violations occurred. The government maintains that the similarity in the figures contained in the Criminal Division's computation is due to Larson's consensual release of information through his August 1985 plea agreement. Appendix of Appellants at 6 and 45. The plea agreement allows the government to introduce all trial exhibits or other IRS exhibits in support of the plea. Through the plea agreement, the IRS materials and exhibits became part of the public record. The similarity of the figures between the Criminal and Civil Division documents can not be presumed to have originated through violation of grand jury secrecy. Though appellants have gone to great lengths to compare dates, computations and figures in order to establish that the Civil Division benefited from grand jury information prior to the (C)(i) order, they have not been persuasive.

CONCLUSION

Appellants have not established that the government acted in bad faith. Further, appellants have not shown an abuse of discretion by the district court. Therefore, the district court is affirmed.