978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Harold Lloyd KOCHER, Appellant.
 No. 92-2111.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 13, 1992.
Filed: November 4, 1992.
 
 Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harold Lloyd Kocher, an Arkansas inmate, appeals from the final order entered in the District Court[1] for the Eastern District of Arkansas denying his postconviction request to review, inspect and copy the transcript and recorded testimony of the witnesses who appeared before the grand jury that indicted him. For reversal appellant argues that the district court abused its discretion in denying his request. For the reasons discussed below, we affirm the order of the district court.
 
 
 2
 "The decision to disclose grand jury material is left to the sound discretion of the district court and will not be reversed in the absence of an abuse of discretion." In re Grand Jury Subpoenas Duces Tecum, 904 F.2d 466, 468 (8th Cir. 1990). While the district court stated that Kocher failed to show a "compelling necessity" to justify disclosure of the transcript, we believe the district court considered whether Kocher established a particularized need for the transcript. We conclude that the district court did not abuse its discretion in denying the request for disclosure. To compel disclosure of a grand jury transcript Kocher had to show the transcript was needed to avoid a possible injustice, the need for disclosure was greater than the need for continued secrecy, and his request was structured to cover only material needed. In re Grand Jury Proceedings Relative to Perl, 838 F.2d 304, 306 (8th Cir. 1988), citing Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). Other than a broad generalization that he needed the transcripts to challenge the indictment, Kocher failed to show what, if any, injustice would be avoided by disclosure of the transcript. A grand jury transcript should not be disclosed for a fishing expedition looking for irregularities in grand jury proceedings. See United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980), cert. denied, 450 U.S. 934 (1981). Kocher also failed to prove that his need for the transcript outweighed the public interest in continued secrecy of grand jury proceedings. Kocher also failed to limit his request for disclosure: he requested the whole grand jury transcript. When disclosure of a grand jury transcript is permitted under a particularized need standard, "it is to be done 'discretely and limitedly.' " Dennis v. United States, 384 U.S. 855, 869 (1966), citing United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958).
 
 
 3
 We reject as meritless Kocher's argument that the government was required to disclose the entire transcript because the government had previously provided portions of the transcript to Kocher's attorneys during the trial as Jencks Act material.
 
 
 4
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas