27 F.3d 571
 74 A.F.T.R.2d 94-5326
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
In re: GRAND JURY, Petition of the United States for
disclosure of certain material seized pursuant to
search warrant.
James L. NOSKE; Joan M. Noske, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 93-3645.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 10, 1994.
Filed: July 5, 1994.
 
 Before McMILLIAN, MAGILL and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 James and Joan Noske, brother and sister, appeal from the final order entered in the District Court[1] for the District of Minnesota, granting the government's petition for disclosure of materials seized pursuant to a criminal search warrant for use in the Noskes' civil tax refund suits. For the reasons discussed below, we affirm.
 
 
 2
 In December 1985, the government assessed penalties under 26 U.S.C. Sec. 6700 against the Noskes. In 1987, the Noskes each filed an action in district court for a refund of the penalties they paid, and the government counterclaimed for the unpaid balance of penalties due. These consolidated civil cases are still pending.
 
 
 3
 On August 5, 1993, the government, in a separate action, filed the instant petition under seal for disclosure of materials seized during the January 13, 1992 execution of a criminal search warrant at the Noskes' residence for use in the civil actions. The government asserted that the evidence was relevant, that the Noskes had not been responsive to its discovery requests, that the Noskes had publicly disclosed information revealing the nature of the criminal investigation and the contents of the seized documents, and that the Noskes had successfully moved to vacate the stay of the civil refund suits pending the criminal investigation. The government argued that release of the records would not compromise "matters occurring before the grand jury," under Fed. R. Crim. P. 6(e)(2). Alternatively, the government argued it was entitled to the material under Rule 6(e)(3)(C)(i) because it had demonstrated a particularized need for the information. The Noskes contested the petition.
 
 
 4
 The district court granted the government's petition, ordering that the documents seized pursuant to the search warrant be made available for inspection, copying, and use by the parties in the civil refund suits. Within ten days, the Noskes moved for reconsideration; the district court denied the reconsideration motion, and the Noskes appealed. Because the Noskes did not seek a stay of the order pending appeal, the government obtained access to the documents and subsequently moved to dismiss the civil refund suits based on the Noskes' discovery abuse. The district court assigned to the civil refund suits concluded on December 23, 1993, that the Noskes had withheld documents, prejudicing the government; rather than dismiss the cases, however, the district court granted the government an additional ninety days of discovery and determined, as a sanction, that the Noskes had waived all claims of attorney-client or work-product privilege with regard to the seized documents.
 
 
 5
 We reject the Noskes' argument on appeal that the concurrent civil and criminal proceedings violated their due process rights. The Noskes themselves moved to lift the stay of the civil actions pending the criminal investigation and, in various pleadings, publicly disclosed information describing the nature of the criminal investigation. The government filed its petition under seal to protect the disclosure of information, and the Noskes were given an opportunity to contest the government's petition.
 
 
 6
 A decision to disclose grand jury material is left to the sound discretion of the district court and will be reversed only for abuse of discretion. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 228 (1979)(Douglas Oil Co.); In re Grand Jury Subpoenas Duces Tecum, 904 F.2d 466, 468 (8th Cir. 1990).
 
 
 7
 Rule 6(e)(2) forbids a government attorney from disclosing "matters occurring before the grand jury." If documents are requested for their "own sake rather than to learn what took place before the grand jury," and their release will not "seriously compromise" the secrecy of the grand jury's deliberations, Rule 6(e) is not violated. In re Special March 1981 Grand Jury, 753 F.2d 575, 578 (7th Cir. 1985). Although documents created independently of the grand jury investigation are less likely to impinge upon the policy underlying grand jury secrecy, we have noted that disclosure may reveal " 'the direction of the grand jury's investigation.' " In re Grand Jury Proceedings Relative to Perl, 838 F.2d 304, 307 (8th Cir. 1988) (Perl ) (quoted case omitted). Because the Noskes publicly disclosed the affidavit listing the documents seized, and the same documents were requested in discovery to determine civil liabilities, the risk of disclosure of grand jury deliberations is limited. Nevertheless, because the criminal investigation is still pending and voluminous numbers of documents were seized, we cannot say that the materials do not concern "matters occurring before the grand jury."
 
 
 8
 We conclude, however, that the district court did not abuse its discretion because the government met its burden of showing a particularized need under Rule 6(e)(3)(C)(i). See United States v. Sells Engineering, Inc., 463 U.S. 418, 443 (1983). To meet the particularized need test, a party must show (1) that the material is needed to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that the request is limited to the materials needed. Douglas Oil Co., 441 U.S. at 222; Perl, 838 F.2d at 306. A lesser showing of particularized need is required when the disclosure involves business records generated independently of the grand jury rather than grand jury testimony or transcripts. Perl, 838 F.2d at 307.
 
 
 9
 First, the government demonstrated that absent the disclosure, it would be prejudiced in establishing its burden of proof in the civil refund suits. The government sought this information during discovery and the Noskes did not supply it. The district court in the civil refund suits found that the information was relevant and responsive to the discovery requests. Second, the Noskes revealed the nature of the criminal investigation by publicly disclosing the search warrant, the list of items seized, and a letter from the government's criminal attorney. Thus, the need for disclosure outweighs the need for continued secrecy. Third, although the order to disclose all of the documents seized was not limited to materials needed to prove the government's case in the civil refund suits, we see no prejudice to the Noskes in light of the December 1993 sanction order. The Noskes' other arguments are without merit.
 
 
 10
 Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota