**TRI–STAR AIRLINES, INC., a Nevada corporation, Plaintiff,**

v.

**WILLIS CAREEN CORPORATION OF LOS ANGELES, a California corporation, d/b/a Willis Careen Aerospace, and AICCO, Inc., a California corporation, Defendants.**

No. 98–033 D/A.

United States District Court,
W.D. Tennessee,
Western Division.

Dec. 13, 1999.

836

Richard Glassman, Glassman Jeter Edwards & Wade, P.C., Memphis, TN, for AICCO, Inc., a California Corporation, defendant.

Sidney P. Alexander, U.S. Attorney's Office, Memphis, TN, for Federal Bureau of Investigation, for Federal Bureau of Investigation.

## ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S ORDER

DONALD, District Judge.

Before the court is the appeal of the United States Attorney, on behalf of the Federal Bureau of Investigation (hereinafter "FBI"), from the November 20, 1998, order of Magistrate Judge James H. Allen denying a motion to quash a subpoena *duces tecum*. The defendant, AICCO, Inc. (hereinafter "AICCO"), opposes the motion.

### BACKGROUND

Plaintiff, Tri–Star Airlines, Inc. (hereinafter "Tri–Star"), sued various defendants in the United States District Court of the Central District of California, Case No. 97–7066, on a claim involving, *inter alia,* insurance coverage on a leased aircraft. On March 25, 1997, the FBI, pursuant to a search warrant, seized a large quantity of documents and other items (approximately 105 boxes) from 1080 West Rex Road, Memphis, Tennessee, which was apparently a business office of David Namur, who was allegedly the principal financier of Tri–Star, and other individuals. According to the FBI, these documents and items are located at the Memphis Field Office of the FBI undergoing review and evaluation by the FBI and the United States Attorney as part of a criminal investigation. Apparently, Namur's attorneys claim that a portion of the seized material is subject to attorney-client privilege.

In conjunction with the civil legal action in California, David Namur was deposed in California in 1998. Namir made certain statements that he claimed he could only support with the documents seized by the FBI. AICCO claimed that the documents seized by the FBI are essential for its defense against the civil action in California and that it has made every effort to obtain the documents elsewhere, without

success, and, subsequently, arranged for a subpoena for the documents. Thus, AICCO's position is that it would be substantially prejudiced in its defense of the civil action in California if the documents are not made available for review.

In opposition to the subpoena, the United States Attorney claimed that the United States Attorney, FBI, the Securities & Exchange Commission (hereinafter "SEC"), and a Grand Jury are conducting a criminal investigation concerning bond issues involving several entities, including Tri–Star and David Namur, but not AIC-CO. The United States Attorney notes that there is an ongoing dispute as to which of the seized items are protected by attorney-client privilege. Apparently 27–29 boxes of material are in dispute. The United States Attorney also claimed that until it can examine the items which are alleged to be privileged, it cannot determine which documents may be forgeries or should be submitted for forensic evaluation.

On July 10, 1999, the United States Attorney filed a motion to quash the subpoena issued by this court on behalf of AICCO to obtain access to certain documents held by the FBI. On July 17, 1999, the motion was referred to Magistrate Judge James H. Allen.

The bases for the motion of the United States to quash were that the subpoena would: 1) require disclosure of protected matter, 2) interfere with a Grand Jury investigation, and 3) pose an undue burden for the FBI and the United States. In support, the United States Attorney referred to Fed.R.Civ.P. 45(c)(3)(A), which states that a court shall quash a subpoena if it requires disclosure of privileged or protected matter or subjects a person to undue burden.

The Magistrate Judge ruled that the United States was required to make available for inspection, within thirty (30) days, all the documents and items in its possession obtained as a result of the search of the premises at 1080 West Rex Road,

Memphis, Tennessee, on or about March 25, 1997, except for those documents which are claimed to be protected by attorney-client privilege. The Magistrate Judge's order permitted AICCO to copy the documents in question.

█ The Magistrate Judge noted that the qualified privilege of secrecy of law enforcement records must be balanced against the claimant's need for access to the allegedly privileged information. *See Tuite v. Henry,* 98 F.3d 1411, 1417 (D.C.Cir.1996); *In re Sealed Case,* 856 F.2d 268, 272 (D.C.Cir.1988). The Magistrate Judge evaluated the claim of the United States Attorney under the elements listed in *In re Sealed Case* and found that the qualified privilege of law enforcement should give way to the need of AICCO for the material. Indeed, the Magistrate Judge found that the United States Attorney failed to make a number of necessary allegations to support its opposition to the subpoena.

Regarding the claim of the United States Attorney that compliance with the subpoena would be overly burdensome, the Magistrate Judge noted that it would be AICCO that would be required to do the reviewing and that AICCO would be required to bear the cost of copying. Thus, the Magistrate Judge rejected the claim of burden raised by the United States.

Finally, the Magistrate Judge, in a very well reasoned analysis, noted that under any claim of secrecy of Grand Jury proceedings, the motion of the United States Attorney failed to establish a necessary justification for quashing the subpoena. The Magistrate Judge acknowledged that under Fed.R.CrimP. 6(e)(2), there is a general rule of secrecy as to matters before the Grand Jury but that not every document in the possession of the Grand Jury is necessarily prohibited from release. *In the Matter of Special March 1981 Grand Jury,* 753 F.2d 575, 578 (7th Cir.1985). However, he noted that documents created independently of the Grand Jury may, nonetheless, impinge upon the policy of secrecy of Grand Jury proceedings. *See*

*In re Grand Jury Proceedings Relative to Perl,* 838 F.2d 304, 307 (8th Cir.1988).

To determine if a document should be released, the party seeking disclosure has the burden of showing a particularized need for it. Fed.R.Crim.P. 6(e)(C)(I); *Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *In re Grand Jury Proceedings Relative to Perl,* 838 F.2d at 306. The Magistrate Judge applied the elements of the particularized need test presented in *Douglas Oil* and found that AICCO had demonstrated a sufficient need for some, but not all, of the requested documents, which outweighed the United States need for secrecy. Thus, the Magistrate Judge rejected the United States Attorney's motion to quash under any authority relating to the principle of secrecy of Grand Jury proceedings and ordered the FBI to allow access to those documents which were not claimed to be subject to attorney-client privilege.

It is should be acknowledged that the Magistrate Judge noted that the documents had already been in the possession of the FBI for almost a year and eight months, giving the United States sufficient time to make any appropriate examination or analysis. This court notes that the time available to the United States to examine the documents has extended by almost a year since the time of the Magistrate Judge's order.

The United States appealed the decision of the Magistrate Judge.

### STANDARD OF LAW

*Appeals from a Ruling of a Magistrate Judge*

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); *Callier v. Gray,* 167 F.3d 977, 980 (6th Cir.1999). These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). They may also

include dispositive matters, such as a motion for summary judgment or a motion for injunctive relief, and evidentiary hearings. 28 U.S.C. § 636(b)(1)(B). However, when a dispositive matter is referred, the magistrate judge's authority only extends to issuing proposed findings of fact and recommendations for disposition, which the district court may adopt or not. The district court also has the authority to refer other matters to the magistrate judge, to include certain post-trial matters, such as, in certain circumstances, a determination of damages or a petition for attorney's fees. 28 U.S.C. § 636(b)(3); *Callier v. Gray*, 167 F.3d 977, 982–83 (6th Cir.1999) (citing *Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989); *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed.R.Civ.P. 72. The standard of review that is applied by the district court depends upon the nature of the matter considered by the magistrate judge.

If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir.1993). However, if the magistrate judge's order was issued in response to a dispositive motion or prisoner petition, the district court should engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(b); *United States Fidelity and Guaranty Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir.1992).

 A judicial finding is deemed to be clearly erroneous when it leaves the reviewing court with "a definite and firm conviction that a mistake has been committed." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985). Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable. *Id.*

A review conducted *de novo* means that the reviewing court must reconsider the matter in its entirety, without granting any weight or consideration to the lower court's decision. *De novo* review does not mean, however, that the reviewing court must disagree with any of the findings of the lower court. *See United States v. Navarro–Camacho*, 186 F.3d 701, 709 (6th Cir.1999).

*ANALYSIS*

First, the United States argues that the court should quash the subpoena because it involves protected matters. The Magistrate Judge thoroughly evaluated the possible claims of privilege or protection which could be raised under both the principle of law enforcement privilege and Grand Jury secrecy and denied the motion to quash.

In this matter, as the motion to quash is a non-dispositive matter, the standard of review is clear error. In this matter, the court cannot say that the Magistrate Judge committed clear error. Indeed, the court is of the firm conviction that the Magistrate Judge's order was entirely correct.

 The test for determining a particularized need for documents under Fed.R.Civ.P. 6(e)(3)(C)(I) consists of three factors: 1) the material is needed to avoid a possible injustice in another judicial proceeding, 2) the need for disclosure is greater than the need for secrecy, and 3) the request is limited to the materials needed.

*Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). In the instant matter, the Magistrate Judge found that AICCO demonstrated that the material was needed to avoid a possible injustice in the California civil action and that AICCO's need outweighed any need on the part of the United States for secrecy. However, the Magistrate Judge did find that AICCO's request was over-broad and limited its request for information. The record before this court supports the Magistrate Judge's findings. The United States has not demonstrated clear error.

■ The factors to be considered when evaluating a claim of law enforcement privilege include: 1) whether disclosure will thwart governmental processes by discouraging citizens from giving the government information, 2) the impact upon persons who have given information of having their identities disclosed, 3) the degree to which governmental self-evaluation and improvement will be chilled, 4) whether the information is factual or evaluative, 5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding pending or likely to follow, 6) whether the police investigation has been completed, 7) whether any interdepartmental proceedings have or may arise from the investigation, 8) whether the plaintiff's suit is non-frivolous and brought in good faith, 9) whether the information sought is available through other discovery, and 10) the importance of the information sought to the plaintiff's case. *In re Sealed Case,* 856 F.2d 268, 272 (D.C.Cir.1988). In this matter the Magistrate Judge found that the first, second, third, fourth, fifth, seventh, eighth, ninth, and tenth factors weighed in favor of AICCO's request. Although the sixth factor, whether the investigation has been completed, weighed in favor of the United States, the Magistrate Judge noted that the United States had had well over a year, at that time, to perform the required investigation.

A review of the record shows that the Magistrate Judge's findings are well supported and should not be disturbed. The United States has failed to demonstrate clear error.

■ Second, the United States requests a stay of the discovery in this matter until the criminal case is completed. Case law supports the authority of the court to institute such a stay. *See United States v. Mellon Bank, N.A.,* 545 F.2d 869, 872–73 (3rd Cir.1976). The record before the court does not show that an actual criminal case has been instituted, although an investigation appears to be ongoing. Indeed, this very case cited by the United States in support of its request for a stay can be distinguished from the instant matter on two grounds: 1) in *Mellon Bank,* a criminal case, an indictment had issued, and 2) the criminal defendant was a party to the civil action and opposed a stay on civil discovery. In the instant matter, the record does not reflect that an indictment has been issued [1] nor does the record indicate that AICCO is under investigation. Thus, as there is no pending criminal case and as AICCO does not appear to be the subject of the investigation, the argument of the United States Attorney for a stay is not well taken.[2]

Concerning the issue of whether the United States would be unduly burdened by granting access to the records, this court notes that the Magistrate Judge placed the burden of reviewing the records and the cost of copying onto AICCO, and

---

1. If this court were to hold that a mere criminal investigation could be held to defeat civil discovery in a pending civil case, the resulting opportunity for abuse would be enormous. This court will not allow this to happen.

2. Again, the United States argues that allowing outside parties to handle the documents would defeat forensic examination. This argument is rejected as the documents have been in the possession of the FBI for over two years. The FBI has had ample opportunity to examine them.

not upon the United States. Thus there is no showing of burdensomeness.

The United States also argues that allowing the subpoena would interfere in the criminal investigation. Besides the bare allegation of interference, the United States presents no specification of how the criminal investigation would be compromised or how examination of the documents by AICCO would interfere with it. This argument borders on frivolity due to the lack of any substantial supporting argument and authority.

The United States has failed to meet its burden of showing clear error on the part of the Magistrate Judge. Therefore, the appeal should be, and is, Denied.

### CONCLUSION

Accordingly, the appeal of the Magistrate Judge's order by the United States is DENIED and the order of the Magistrate Judge is AFFIRMED. The United States is ORDERED to COMPLY with this order within thirty (30) days.

**IT IS SO ORDERED.**