# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1283
_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Poor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: September 17, 2012
Filed: September 28, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gregory Poor appeals the district court's[1] order denying his motion to produce grand jury transcripts. Poor contends the district court erred in denying his request without first holding an evidentiary hearing. We affirm.

On March 10, 2000, Poor pleaded guilty to Count I of an indictment charging him with conspiring to violate the Federal Food, Drug, and Cosmetic Act (FFDCA) in violation of 18 U.S.C. § 371. Poor admitted to misbranding and adulterating a substance known as Gamma Hydroxy Butyrate (GHB). The district court sentenced him to four months in prison to be followed by three years of supervised release. Poor appealed his conviction and sentence, and both were affirmed. See United States v. Poor, 230 F.3d 1365 (8th Cir. 2000) (unpublished table disposition).

Over eleven years later, after having discharged his term of imprisonment and having completed his term of supervised release, Poor filed a motion to produce the transcripts from the grand jury proceedings which led to his indictment. Poor claimed the substance he possessed was an unregulated substance known as gamma-Butyrolactone (GBL), a precursor to GHB. Poor alleged the grand jury transcripts will show the substance he had was GBL, and that three persons who testified before the grand jury were intimidated into making false statements.

The district court denied the motion, observing that the three affidavits Poor filed in support of his motion did not state Poor was involved with GBL rather than GHB.[2] In addition, the district court noted Poor had not objected to his presentence report's references to GHB, pleaded guilty to a conspiracy involving GHB, and testified under oath that he was involved with GHB. The district court concluded

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

[2]The three affidavits were purportedly dated and signed in May 2000, shortly after Poor pleaded guilty and prior to the date he was sentenced.

Poor failed to make a showing of a "particularized need" for the grand jury transcripts which would outweigh the need to protect the secrecy of the grand jury proceedings. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994); see also United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994) (indicating "a bare allegation that the records are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement").

On appeal, the government contends Poor waived the issue of producing his grand jury transcripts by not raising it in his direct appeal, and by not seeking relief in a timely manner under 28 U.S.C. § 2255. See, e.g., United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) ("Where a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter."). The government argues in the alternative that the district court did not abuse its discretion in denying Poor's request without holding an evidentiary hearing because Poor failed to show a particularized need for the grand jury transcripts. See In re Grand Jury Subpoenas Duces Tecum, 904 F.2d 466, 468 (8th Cir. 1990) ("The decision to disclose grand jury material is left to the sound discretion of the district court and will not be reversed in the absence of an abuse of discretion.").

We agree Poor waived this claim by not raising it in his direct appeal. We therefore affirm the district court.

_____